IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1338 (LPS) |
| | ) |
| CA, INC. d/b/a CA TECHNOLOGIES, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**CA INC.'S MOTION TO BIFRUCATE DAMAGES FROM LIABILITY
AND TO STAY DAMAGES-RELATED FACT AND EXPERT DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 42(b), Defendant CA, Inc. ("CA") hereby moves to bifurcate the issue of damages from the issue of liability and to stay damages-related fact and expert discovery until resolution of the liability issues.

CA has reviewed the arguments set forth in the joint opening brief in support of the motion to bifurcate damages from liability and to stay damages-related discovery that was filed by the "Wave 1" Defendants in *Clouding IP LLC v. Google, Inc.* (C.A. 12-639-LPS), *Clouding IP LLC v. Amazon.com, Inc., et al.* (C.A. 12-641-LPS), *Clouding IP, LLC v. Rackspace Hosting, Inc., et al.* (C.A. 12-675-LPS) and *Clouding IP LLC v. Motorola Mobility LLC* (C.A. 12-1078-LPS). *See* D.I. 114 in C.A. 12-639-LPS; D.I. 127 in C.A. 12-641-LPS; D.I. 133 in C.A. 12-641-LPS; D.I. 104 in C.A. 12-1078-LPS. Because the same arguments are equally applicable to CA's motion, CA will not burden the Court with a duplicative brief, but instead relies upon and incorporates herein the arguments in the aforementioned brief in support of its motion. CA further understands that defendants in other cases brought by Clouding IP LLP ("Clouding") are concurrently filing motions to bifurcate liability from damages and stay fact and expert damages-

related discovery on similar grounds, and incorporates those motions by reference as well.[1]  For the sake of efficiency and coordination, the Court should treat all of the *Clouding* cases – which are all on the same pre-trial schedule and have a substantial overlap in asserted patents – identically with respect to bifurcation and a stay of damages-related discovery.

Further, Clouding, in the First Amended Complaint, accused two entirely separate CA products (AppLogic and ARCserve Replication) of infringing six patents.[2]  Collecting damages-related information for these two different products requires accessing several different systems and interviewing different product personnel.  Clouding also has until January 3, 2014 to "specifically identify the accused products and the asserted patent(s) they allegedly infringe." D.I. 19; *see* Default Standard for Discovery, Including Discovery of Electronically Stored Information at ¶ 4(a).  CA understands that Clouding could identify additional accused products at that time, which could further complicate damages discovery efforts.

WHEREFORE, CA respectfully requests that the Court bifurcate the issue of damages from the issue of liability and stay damages-related fact and expert discovery until resolution of the liability issues.

---

[1] These additional cases are: *Clouding IP LLC v. EMC Corp., et al..* (C.A. 13-1455-LPS), *Clouding IP, LLC v. Dropbox, Inc*. (C.A. 13-1454-LPS), *Clouding IP LLC v. SAP AG, et al*. (C.A. 13-1456-LPS), *Clouding IP LLC v. Verizon Online LLC, et al*. (C.A. 13-1458-LPS), *Clouding IP LLC v. AT&T, Inc*. (C.A. 13-1342-LPS), *Clouding IP LLC v. Citrix Sys*. (C.A. 1301433-LPS), *Clouding IP LLC v. Siemens Enterprise*s (C.A. 13-1457-LPS), and *Clouding IP LLC v. Hewlett-Packard Co*. (C.A. 13-1341-LPS).

[2] Initially, Clouding's Complaint accused CA's two products of infringing four patents. (D.I. 1)  The First Amended Complaint, however, added two other patents.  (D.I. 6)

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Paul Saindon* |
| | Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Paul Saindon #5110)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>psaindon@mnat.com |
| OF COUNSEL:<br><br>Joshua C. Krumholz<br>Benjamin M. Stern<br>Jacob W.S. Schneider<br>HOLLAND & KNIGHT<br>10 St. James Avenue<br>11th Floor<br>Boston, MA  02116<br>(617) 523-2700<br><br>December 20, 2013 | *Attorneys for Defendant* |

## **RULE 7.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff, and that the parties have not been able to reach agreement.

*/s/ Paul Saindon*

Paul Saindon (#5110)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 20, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Brian Ledahl, Esquire<br>Dorian S. Berger, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA  90025<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Paul Saindon*
_____
Paul Saindon (#5110)